```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
**AS RECEIVER FOR ANB FINANCIAL, N.A.**                        **PLAINTIFF**

        **v.**                **Civil No. 11-5252**

**CHRISTOPHER L. TALLEY; HARKOMAL DHALIWAL;**
**JAGTAR S. DHALIWAL; BHINDER MUNDI;**
**HARMINDER DHALIWAL; NAHAR DHESA; and**
**AMRITPAL KAUR**                                               **DEFENDANTS**

## O R D E R

Now on the 18th day of July, 2012, comes on for consideration plaintiff's **Motion for Default Judgment (document #18)** and the **Notice and Declaration of Federal Deposit Insurance Corporation as Receiver for ANB Financial, N.A. in Connection with Motion for Default Judgment and this Court's Order of June 26, 2012 (document #30).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   On November 7, 2011, plaintiff Federal Deposit Insurance Corporation (FDIC) filed its Complaint (document #1) alleging that defendants, as guarantors of a note held by FDIC as receiver for ANB Financial, N.A., had defaulted on their obligation to make monthly payments toward the note. FDIC sought joint and several judgments against defendants for the amount of unpaid principal, accrued and unpaid interest, late charges and fees, and escrow taxes, as well as post-judgment interest.

    2.   Affidavits submitted by FDIC show that service was

perfected on the defendants as follows.

  *   Defendant Amritpal Kaur was personally served by a private process server on February 6, 2012.

  *   Defendant Harkomal Dhaliwal was served on February 6, 2012, by a private process server who personally delivered the Summons and Complaint to Harkomal Dhaliwal's daughter, a person of suitable age and discretion residing at Harkomal Dhaliwal's usual place of abode, in accordance with Fed. R. Civ. P. 4(e)(2)(B).

  *   Defendant Jagtar S. Dhaliwal was personally served by a private process server on February 8, 2012.

  *   Defendants Christopher L. Talley, Bhinder Mundi, Harminder Dhaliwal, and Nahar Dhesa were served by Warning Order pursuant to Ark. R. Civ. P. 4(f), as authorized by Fed. R. Civ. P. 4(e)(1). The Warning Order, issued on February 29, 2012, was published in newspapers of general circulation in Washington and Benton Counties on March 19 and 26, 2012.

  3.   Defendants Amritpal Kauer, Harkomal Dhaliwal, and Jagtar S. Dhaliwal failed to file an answer to the Complaint or otherwise appear within the time allowed by law after service. Likewise, Defendants Christopher L. Talley, Bhinder Mundi, Harminder Dhaliwal, and Nahar Dhesa have failed to respond to the Complaint within thirty days of publication of the Warning Order, as required by Ark. R. Civ. P. 4(f)(4).

  4.   Default procedures are governed by Fed. R. Civ. P. 54 and 55.

* Rule 54(c) specifies that "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

* Rule 55(a) directs the Clerk of Court to enter the default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

* Rule 55(b) provides two avenues for the entry of default judgment. When the sum sought is certain, or can be made certain by computation, the Clerk is authorized to enter judgment. In all other cases, it is a matter for the Court to decide.

5. The Clerk of Court entered defendants' default on June 5, 2012.

6. The Complaint prays for a judgment in an amount equal to but not less than $4,218,716.67 as of November 1, 2011, which represents

* unpaid principal in the amount of $3,468,083.53;

* accrued and unpaid interest in the amount of $592,857.96;

* late charges and fees of $123,485.70; and

* escrow taxes due in the amount of $34,289.48.

The Complaint also prays for interest continuing to accrue from November 2, 2011, until judgment, plus post-judgment interest at the highest rate allowed by law, as well as attorneys' fees and costs.

7. Although the **Motion for Default Judgment** seeks costs and

-3-

attorneys fees in an amount not originally pled in the Complaint, the **Notice and Declaration of Federal Deposit Insurance Corporation as Receiver for ANB Financial, N.A. in Connection with Motion for Default Judgment and this Court's Order of June 26, 2012 (document #30)** consents to the entry of a judgment consistent with its complaint in the amount of $4,218,716.67 plus additional prejudgment interest from November 2, 2011 through the date of the entry of judgment (calculated based on a per diem of $308.80).

8. Based on the foregoing facts, damages should be awarded to the plaintiff in the amount of $4,218,716.67 plus prejudgment interest from November 2, 2011 through July 18, 2012 in the amount of $79,979.20.

**IT IS, THEREFORE, ORDERED that judgment be entered against the defendants, and in favor of the plaintiff, with damages awarded as follows:**

* **damages in the amount of $4,218,716.67; and,**

* **prejudgment interest in the amount of $79,979.20.**

**Said sum shall accrue post-judgment interest at the rate of .20% until the judgment is paid in full.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**